This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**vs.**                                                      **NO. 31,735**

**GREGORY ROSS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Ross C. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Scott S. Hilty
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Gregory Ross (Defendant) has appealed from a conviction for DWI. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We, therefore, affirm.

Defendant has raised a single issue, challenging the sufficiency of the evidence to support his conviction. [DS 9; MIO 2-9]

Because Defendant does not dispute either the evidence presented or the standard of review, we will not reiterate either here. As we observed in the notice of proposed summary disposition, the conviction was supported by the testimony of the arresting officer, together with the testimony of the defense expert. *See State v. Day*, 2008-NMSC-007, ¶¶ 23-26, 143 N.M. 359, 176 P.3d 1091; *State v. Christmas*, 2002-NMCA-020, ¶¶ 6, 18-22, 131 N.M. 591, 40 P.3d 1035 (both upholding convictions under the per se DWI statute based on very similar evidence).

In his memorandum in opposition Defendant continues to argue that the evidence should be deemed inadequate in light of the limited evidentiary value of field sobriety tests, as well as the State's failure to call an expert witness. [MIO 3-8] However, Defendant's poor performance on the field sobriety tests was a material consideration, which the finder of fact was entitled to give substantial weight. *See, e.g., Day,* 2008-NMSC-007, ¶¶ 23, 25; *Christmas*, 2002-NMCA-020 ¶ 4, 28 (both

illustrating that poor performance on field sobriety tests provides evidentiary support for DWI convictions).  And as we observed in the notice of proposed summary disposition, the State was not required to call an expert, insofar as the information supplied by the defense expert provided the fact finder with "both the information and the tools necessary to reach the verdict it did." *Day*, 2008-NMSC-007, ¶ 26.

Ultimately, Defendant's arguments appear to amount to an invitation to reweigh the evidence. [MIO 2, 4-8]  This we cannot do.  *See generally State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 ("The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict."), *abrogated on other grounds as recognized by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683.

Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____

**J. MILES HANISEE, Judge**